## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Law Office Lewis G. Adler, Esquire
26 Newton Avenue
Woodbury, NJ 08096
(856)845-1968
Attorney for Edward Rainas

| | |
|---|---|
| EDWARD RAINAS, 4th Individually and as : Class Representative on behalf of others similarly situated. | |
| Plaintiffs, | Case No. 09-2699 |
| vs. | Civil Action |
| City of Wildwood and the Wildwood Police Department, Officer Ricardo Nizario : John Does 1-100 | COMPLAINT & JURY DEMAND |
| Defendants | |

The Plaintiff, EDWARD RAINAS, 4th who resides at 513 West Cushman,

Williamstown, New Jersey 08094, says by way of complaint:

### PARTIES

1. The Plaintiff, EDWARD RAINAS, 4th, a citizen of New Jersey resides at 513

   West Cushman, Williamstown, New Jersey 08094

2. The Defendant, City of Wildwood, (Wildwood) is a municipality of the State of

   New Jersey with its main offices located at 4400 New Jersey Avenue, Wildwood,

   NJ 08260 and the Wildwood Police is a department of the City.

3. Officer Ricardo Nazario was an employee of the Wildwood Police Department at

   the time of the issues of the within complaint.

## VENUE AND JURISDICTION

4.      Jurisdiction is founded upon 28 U.S.C. §1331, §1343(3) and the federal statutory and constitutional provisions. The court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367. Venue is proper in this district under 28 U.S.C. §1391(b) in that all claims arose in this district.

## CLASS ACTIONS ALLEGATIONS

5.      The Plaintiff brings this action on behalf of all persons similarly situated and pursuant to Fed. R.Civ.P. 23 as a class action on behalf of a statewide class of persons as defined in paragraph 7 below.

6.      The claims of the named class representative and the absent class members have a common origin and share a common basis. Their claims originate from the same ultra vires acts of the Defendants, and the Defendants act in the same way toward the Individual Plaintiff and the members of the class. As such, the individual Plaintiff has been a victim of the unconscionable practices.

7.      The Plaintiff proposes a class as 1) Individuals who have been charged under the local ordinance 3-1 beginning on May 27, 2007 through the date of class certification.

8.      At all times relevant hereto, Wildwood has engaged in a uniform scheme and course of conduct of charging individuals under the local ordinance.

9.      The proposed class representative states a claim upon which relief can be granted that is typical of the claims of absent class members. If brought and

2

prosecuted individually, the claims of each class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

10.   The claims and remedial theories pursued by the named class representative are sufficiently aligned with the interests of absent class members to ensure that the individual claims of the class will be prosecuted with diligence and care by the individual Plaintiff as class representative.

11.   The members of the class are so numerous that joinder of all members is impracticable. The Defendant has subjected hundreds of inmates each year to unauthorized strip searches. The class is ascertainable as the names and addresses of all class members can be identified in the business records maintained by the Defendants.

12.   Questions of fact and law common to the class that predominate include but are not limited to:

      I.   Are the Defendants authorized to charge individuals under the local ordinance which has been preempted by the adoption of NJSA 2C:1-1 et seq.?

13.   The named individual Plaintiff is willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The individual Plaintiff will fairly and adequately protect the interests of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of the other class members.

14.   The self-interest of the named class representative is co-extensive with and not antagonistic to those of the absent class members. The proposed

3

representative will undertake to well and truly protect the interests of the absent class members.

15. The named individual Plaintiff has engaged the services of counsel indicated below. Said counsel are experienced in complex class litigation, will adequately prosecute this action and will assert, protect, and otherwise well represent the named class representative and absent class members.

16. The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

17. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying applications with respect to individual members of the class which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards and inconsistent or varying adjudications, on what would be necessarily the same essential facts, proof and legal theories, would also create and allow to exist inconsistent and incompatible rights within the class.

18. The Defendants have acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

19. The questions of law and fact common to members of the class predominate over any questions affecting only individual members.

20.   A class action is superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

a)   individual claims by the class members are impractical as the costs of pursuit far exceed what any one Plaintiff or class member has at stake;

b)   as a result, there has been very little litigation over the controversies herein; and individual members of the class have no interest in prosecuting and controlling separate actions; and

c)   the proposed class action is manageable.

## BACKGROUND

21.   On or about May 26, 2007, the Plaintiff was breaking up a disturbance in a parking lot at the corner of Specer and Atlantic Avenues which is owned by the Quebec Motel.

22.   The Plaintiff successfully separated the parties and the event was over by time the Wildwood police arrived on the scene.

23.   The Plaintiff was approached by Officer Ricardo Nazario of the Wildwood Police Department.

24.   Officer Nazario advised the Plaintiff to leave the area.

25.   The Plaintiff responding by asking what did the officer say.

26.   The Plaintiff then walked towards Officer Nazario.

27.   Officer Nazario again asked the Plaintiff to leave the area.

28.   Officer Nazario reported that the Plaintiff was uncooperative, would not leave and as a result he issued a summons for disorderly conduct under the

Wildwood local ordinance 3-1 for failure to obey the orders of a police officer.

29.   Thereafter, the Plaintiff retained legal counsel to defend against the charges.

30.   Thereafter, on or about June 27, 2007 , the matter was dismissed in the Municipal Court.

## COUNT I

New Jersey Civil Rights Act. NJSA 10:6-1 et seq

31. Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

32. The Defendants initiated a criminal proceeding against the Plaintiff upon the issuance of the summons for violation of Wildwood local ordinance 3-1.

33. The criminal proceeding ended in the Plaintiff's favor upon its dismissal in the municipal court on or about June 27, 2007.

34. The Wildwood local ordinance 3-1 has been pre-empted under state law upon the adoption of New Jersey Criminal Code, NJSA 2C:1-1 et seq.

35. The Defendants acted maliciously under color of law by seeking to continue to enforce the pre-empted law.

36. The Defendant, Wildwood has maintained a policy and practice to continue to enforce the Local Ordinance 3-1.

37. The Defendant Nazario charged the Plaintiff for violating the ordinance pursuant to the policy and practice of the Defendant, Wildwood.

38. The Defendants have deprived the Plaintiff of his substantive due process and/or equal protection rights, privileges or immunities secured by the Constitution or

6

laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State by being subject to malicious prosecution.

WHEREFORE, the Plaintiff demands judgment against the Defendants enjoining the Defendants from conducting future malicious prosecutions in violation of the law, for damages, attorney's fees, and cost of suit.

## COUNT II

### 42 USC 1983

39.    Plaintiff realleges and incorporates by reference all preceding allegations of law and fact as if they were set forth fully herein.

40.    The Defendants initiated a criminal proceeding against the Plaintiff upon the issuance of the summons for violation of Wildwood local ordinance 3-1.

41.    The criminal proceeding ended in the Plaintiff's favor upon its dismissal in the municipal court on or about June 27, 2007.

42.    The Wildwood local ordinance 3-1 has been pre-empted under state law upon the adoption of New Jersey Criminal Code, NJSA 2C:1-1 et seq.

43.    The Defendants acted maliciously under color of law by seeking to continue to enforce the pre-empted law.

44.    The Defendant, Wildwood has maintained a policy and practice to continue to enforce the Local Ordinance 3-1.

45.    The Defendant Nazario charged the Plaintiff for violating the ordinance pursuant to the policy and practice of the Defendant, Wildwood.

7

46.     The Defendants have deprived the Plaintiff of his substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State by the being subjected to malicious prosecution in violation of the law.

WHEREFORE, the Plaintiff demands judgment against the Defendants for damages, punitive damages, attorney's fees, and cost of suit.

## COUNT III

### John Doe Parties

47.     In addition to the persons named as defendants, there may be others whose names are unknown to the Plaintiff and/or after diligent inquiry has not been able to ascertain. They are made parties to this action under the designation of John Does 1-100.

## PRAYER FOR RELIEF

Wherefore Plaintiff requests that this court certify a class pursuant to Rule 23 and award:

1.     Actual, special, and general damages according to proof;

2.     Statutory damages and penalties;

3.     Restitution and disgorgement according to proof;

4.     Injunctive relief against Defendant to ensure uniform standards of conduct towards all class members and to prevent future wrongful conduct;

5.     Prejudgment interest at the maximum legal rate;

6.     Punitive, exemplary and enhanced damages according to proof;

8

7. Declaratory Judgment as necessary to correct the wrongs inflicted on them;

8. Litigation Expenses and Costs of the proceedings herein;

9. Reasonable attorneys' fees; and

10. All such other further relief as the Court deems just.


## DESIGNATION OF TRIAL COUNSEL

The undersigned, Louis D. Fletcher, Esq. and Roger C. Mattson, Esq. are designated as trial counsel.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff hereby demands a trial by jury as to all issues of fact and/or law.


## CERTIFICATION

I hereby certify that, to the best of my knowledge and belief, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding.

Dated: _5/27/09____

/s/ Lewis G. Adler Esquire
LEWIS G. ADLER, ESQ.
26 Newton Avenue
Woodbury, NJ 08096
(856) 845-1968
Attorney for Plaintiff