UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| Edward Rainas, IV, | |
| Plaintiff, | Hon. Joseph H. Rodriguez |
| | Civil Action No. 09-2699 |
| v. | |
| City of Wildwood, Wildwood Police Department, and Officer Ricardo Nizario, | ORDER |
| Defendants. | |

This matter is before the Court on Defendants' motion to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). For the reasons stated below, Defendants' motion [Doc. No. 6] will be GRANTED.

## I. BACKGROUND

On or about May 26, 2007, Edward Rainas ("Rainas" or "Plaintiff") was breaking up a fight in a parking lot owned by the Quebec Hotel at the corner of Specer [sic] and Atlantic Avenues in Wildwood, New Jersey. (Compl. at ¶ 21.) The Wildwood police arrived after the plaintiff had successfully separated the parties. (Compl. at ¶ 22.) The Plaintiff was approached by Officer Ricardo Nazario (Nazario) of the Wildwood Police Department, and told to leave the area. (Compl. at ¶¶ 23-24.) Rainas asked Nazario to repeat what he said and walked towards him. (Compl. at ¶¶ 25-26.) Rainas alleges that Nazario asked him to leave the area a second time. (Compl. at ¶ 27.) Nazario reported that Plaintiff was uncooperative and would not leave the area. (Compl. at ¶ 28.) As a result he issued a summons for disorderly conduct under Wildwood Local Ordinance 3-1

for failure to obey the orders of a police officer. (Compl. at ¶ 28.) Thereafter the plaintiff retained legal counsel to defend against the charges. (Compl. at ¶ 29.) The charges were dismissed by the Municipal Court on June 27, 2007.[1] (Compl. at 30.)

Rainas subsequently filed this action in the United States District Court claiming that "Defendants acted maliciously under color of law by seeking to continue to enforce" Local Ordinance 3-1, which has been preempted by state law upon the adoption of New Jersey Criminal Code, N.J. Stat. Ann. § 2C:1-1. (Compl. at ¶¶ 34-36.) Plaintiff brings claims of malicious prosecution in violation of the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 (Count I), and Title 42 U.S.C. § 1983 (Count II). Defendants filed this Motion to Dismiss pursuant to Fed.R.Civ.P 12(b)(6) seeking dismissal of all claims.

## II. STANDARD OF REVIEW : RULE 12(b)(6)

A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed.R.Civ.P. 12(b)(6); see In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000). Although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's

---

[1] Plaintiff provided no record of those proceedings, nor did Plaintiff indicate the grounds for dismissal in Municipal Court.

allegations are true (even if doubtful in fact)." Id. (internal citations omitted).

When deciding a motion to dismiss pursuant to Rule 12(b)(6), only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). A district court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). These allegations and inferences must be viewed in the light most favorable to the plaintiff. Id. However, the Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L.Ed.2d 209 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")).

It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

### III. ANALYSIS

Plaintiff claims that Defendants acted maliciously under color of state law by seeking to continue to enforce Wildwood Local Ordinance 3-1 which was allegedly preempted by the New Jersey Criminal Code, N.J. STAT. ANN § 2C:1-1. Plaintiff further claims that Wildwood has maintained a policy and practice of enforcing the local preempted ordinance and that officers charged Plaintiff with violating the ordinance pursuant to that policy and practice. (Compl. ¶¶ 34-38, 42-45.) Plaintiff now demands judgment enjoining Defendants from conducting future malicious prosecutions in violation of the law, damages, attorney's fees, and costs of suit. (Compl. at ¶ 38.) The Court has considered Plaintiff's claims and for the reasons stated below, the Complaint will be dismissed in its entirety, as Plaintiff has failed state a claim upon which relief may be granted.

**A. Preemption of Local Disorderly Conduct Ordinance**

The Court begins its analysis by determining whether Wildwood's municipal disorderly conduct ordinance has been preempted by the New Jersey Code of Criminal Justice, N.J. STAT. ANN. § 2C:33-2.

Rainas was issued a summons for violating Local Ordinance 3-1, which provides in part that "No person shall refuse to obey the orders, directions, whistles or other signals used by duly constituted police officers and life guards." There is no dispute that Nazario perceived that Plaintiff was uncooperative and would not leave the area as directed. Nevertheless Plaintiff argues that Wildwood's local disorderly conduct ordinance is inapplicable and has been preempted by the New Jersey statute defining and prohibiting disorderly conduct. New Jersey proscribes disorderly conduct under N.J. STAT. ANN. § 2C:33-2 (a), which provides:

> A person is guilty of a petty disorderly persons offense, if with purpose to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof he (1) Engages in fighting or threatening, or in violent or tumultuous behavior; or (2) Creates a hazardous or physically dangerous condition by any act which serves no legitimate purpose of the actor.

Plaintiff also highlights N.J. STAT. ANN. § 2C:33-1(b), which addresses the failure of disorderly person to disperse upon official order:

> Where five or more persons are participating in a course of disorderly conduct as defined in section 2C:33-2 a. likely to cause substantial harm, a peace officer or other public servant engaged in executing or enforcing the law may order the participants and others in the immediate vicinity to disperse. A person who refuses or knowingly fails to obey such an order commits a disorderly persons offense.

Preemption is a principle based on the proposition that a municipality, which is an agent of the State, cannot act contrary to State law. N.J. STAT. ANN. § 2C:1-5 (d).[2] In State v. Paserchia, the court concluded that West Orange's disorderly conduct ordinance, 4-12.3, was preempted by N.J. STAT. ANN § 2C:33-2, and accordingly that court reversed that plaintiff's conviction. 356 N.J. Super. 461, 813 A.2d 556 (N.J. Super. Ct. App. Div. 2003). Upon comparison of the West Orange ordinance and N.J. STAT. ANN § 2C:33-2 the court was convinced that both provisions addressed the same activity. Furthermore, that court reasoned that an examination of Chapter 33 of the New Jersey Code of Criminal Justice reveals a policy to comprehensively address street behavior and other conduct in public places that disturbs citizens and disrupts peaceful society. Id. at 466 (citing N.J. STAT. ANN § 2C:33-1, rioting and failure to disperse; N.J. STAT. ANN § 2C:33-4, harassment; N.J. STAT. ANN § 2C:33-7, obstructing highways and other public

---

[2] That clause prohibits enactment or enforcement of any local ordinance "conflicting with any . . . policy of this State . . . whether that policy be expressed by inclusion of a provision in the code or by exclusion of that subject from the code."

passages; N.J. STAT. ANN § 2C:33-8, disrupting meetings and processions; and N.J. STAT. ANN § 2C:33-2 disorderly conduct.) Despite the lesser standard of culpability required under the Local Ordinance (N.J. STAT. ANN § 2C:33-2 requires purposeful conduct) the court found that the ordinance was preempted.

This Court agrees with the New Jersey court's reasoning and likewise finds that Wildwood's ordinance is preempted by N.J. STAT. ANN § 2C:33-2. However, regardless of whether the municipal ordinance is preempted by a State law, Rainas must still plead a viable claim under Section 1983 or the New Jersey Civil Rights Act.

**B. Malicious Prosecution**

Section 1983 provides a remedy for injured parties who have been deprived of a federally guaranteed right under color of state law. 42 U.S.C. § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Chief Justice Rehnquist's plurality opinion in Albright v. Oliver, provides clear explanation of the province of Section 1983 stating, "Section 1983 is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." 510 U.S. 266, 271, 114 S.Ct. 807, 811 (1994). Therefore, "[t]he validity of the claim must then be judged by reference to the specific constitutional standard which governs that right." Id. (citing Graham v. Connor, 490 U.S. 386, 394, 109 S.Ct. 1865, 1871 (1989)).

Plaintiff claims that his substantive due process and/or equal protection rights

6

were infringed when the Wildwood Police maliciously enforced a local ordinance that was preempted by the New Jersey Criminal Code. The Complaint specifically states:

> The Defendants have deprived the Plaintiff of his substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution of laws of this State by being subject to malicious prosecution in violation of the law.[3]

(Complaint at ¶ 46.)

As clearly stated by the Supreme Court in Albright v. Oliver, Rainas may not claim malicious prosecution under Section 1983 based on a violation of substantive due process rights or equal protection guarantees. The Supreme Court held in Albright, that it is the *Fourth Amendment* under which a Section 1983 claim of malicious prosecution must be judged. 510 U.S. at 271. The Court reasoned that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Id. at 273 (quoting Graham v. Connor, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871 (1989) (internal quotations omitted)). Rainas has failed to correctly identify the specific constitutional right infringed. However, even if Rainas had correctly asserted Fourth Amendment protection against unreasonable seizure, he would not be able to successfully assert a claim for malicious prosecution under Section 1983.

The elements of a *prima fachie* claim of malicious prosecution under Section

---

[3] As Defendants point out, Section 1983 claims are limited to alleged violations of the U.S. Constitution and Federal law. References to violations of the Constitution of laws of the State of New Jersey will not be considered in the Court's Section 1983 analysis.

1983 require that a plaintiff show:

> (1) the defendants initiated a criminal proceeding;
>
> (2) the criminal proceeding ended in the plaintiff's favor;
>
> (3) the proceeding was initiated without probable cause;
>
> (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and
>
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005). Here, the plaintiff demonstrated that the municipality initiated criminal proceedings and that those proceedings ended in favor of Plaintiff when charges were dismissed by the Municipal Court on June 27, 2007. Therefore, Plaintiff satisfies the first two elements of a *prima fachie* claim.

In regards to whether the proceeding was initiated without probable cause and with malicious intent, Plaintiff first asserts that there can be no finding of probable cause where an officer enforces a preempted ordinance. Plaintiff cites no support for that contention. Plaintiff further argues that malicious intent may be inferred from lack of probable case, citing to Brunson v. Affinity Fed. Credit Union, 402 N.J. Super 430, 438 (N.J. App. Div. 2008) ("proof of lack of probable cause may be appropriate evidence from which to infer but not necessarily establish malice.")

The Court concludes that the fact that the Wildwood ordinance is preempted is not determinative of whether Officer Nizario had probable cause to issue a summons when Plaintiff failed to comply with his order to disperse. The fact that Officer Nizario relied on what is a preempted ordinance does not deprive his actions of probable cause.

As taught in Ryan v. County of DuPage, 45 F.3d 1090, 1094 (7th Cir.1995), where probable cause exists to arrest a defendant for violating an apparently valid statute, a defendant's ultimately successful challenge to that statute does not render the arrest unreasonable. Based on the facts presented, Officer Nizario arguably had authority to issue a summons under the New Jersey law prohibiting disorderly conduct, thereby undermining Plaintiff's argument that the officer acted maliciously. It appears to the Court that issuance of a summons under the local ordinance as opposed to the state statute was an error that does not constitute a malicious act.

Next, the Court considers whether the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding initiated. Plaintiff relies on a non precedential opinion, Graw v. Fantasky, where the Third Circuit held that having to defend oneself against baseless criminal charges is sufficient to allege a seizure for the purpose of surviving a Rule12(b)(6) motion to dismiss. 68 Fed. Appx. 378 (3d Cir. 2003). However in DiBella v. Borough of Beachwood, 407 F.3d 599 (3d Cir. 2005), a more recent published case, the Third Circuit clarified its approach to the definition of "seizure" holding that attending one's own trial is not a seizure for purposes of a malicious prosecution claim. Id. at 603. There the Third Circuit explained that, "prosecution without probable cause is not, in and of itself, a constitutional tort . . . and [t]he type of constitutional injury the Fourth Amendment is intended to redress is the deprivation of liberty accompanying prosecution, not prosecution itself." Id. at 603 (citing Albright, 510 U.S. at 274).

In DiBella, the plaintiffs relied on the Third Circuit's decision in Gallo v. City of Philadelphia to support the claim that the treatment they sustained amounted to a

9

seizure for purposes of a Section 1983 malicious prosecution claim.  Id. at 602 (citing 161 F.3d 217, 224 (3rd Cir.1998)) .  The plaintiff in Gallo was arrested for arson and posted a $10,000 bond; he was prohibited from traveling outside Pennsylvania and New Jersey, required to contact Pretrial Services on a weekly basis, and required to attend all court hearings including his trial and arraignment.  Id.  The Gallo court agreed that those restrictions amounted to a seizure for purposes of a Section 1983 malicious prosecution claim; however, the court called it a "close question." Id. (quoting Gallo, 161 F.3d at 222).  In DiBella, the Third Circuit distinguished the restrictions enforced against the DiBella plaintiffs from those implemented in Gallo.  In DiBella, Plaintiffs were "only issued a summons; they were never arrested; they never posted bail; they were free to travel; and they did not have to report to Pretrial Services." Id.  The DiBella court concluded that if Gallo was a "close question;" the DiBella plaintiffs were certainly not entitled to a finding that a seizure, significant enough to constitute a Fourth Amendment violation in support of a § 1983 malicious prosecution action, had occurred. Id. at 603.

      The circumstances presented here, are also distinguishable from the restrictions suffered by the Gallo plaintiffs, and just as the DiBella court concluded, this Court concludes that there was no seizure of Rainas significant enough to constitute a Fourth Amendment violation.  Plaintiff contends that Defendants are liable for malicious prosecution because they enforced a preempted ordinance against Plaintiff.  However, there is no support for the contention that issuance of a summons by a police officer pursuant to an ordinance that is preempted by a State law prohibiting virtually the identical behavior as is condemned in the local ordinance, constitutes a seizure for

purposes of a Section 1983 malicious prosecution claim. The lack of seizure is even more apparent when no arrest was made by the police officer and the plaintiff suffered no other hardship.

This Court recognizes that just because convictions were overturned by the Municipal Court does not conclusively negate any possibility that Plaintiff could establish a Section 1983 malicious prosecution claim. See Montgomery v. De Simone, 159 F.3d 120, 122 (3d Cir. 1998). However, implementation of a preempted ordinance alone, without a showing of malicious intent or lack of probable cause, is not enough to make out a malicious prosecution claim. Because Plaintiff has failed to show that the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding, the Section 1983 malicious prosecution claim is dismissed.[4] Furthermore, for the same reasons the Court concludes that the plaintiff fails to state a claim under Section 1983, the Court determines that Plaintiff's New Jersey Civil Rights Act malicious prosecution claim is deficient.

## C. Substantive Due Process

The Complaint alleges a violation of "substantive due process rights" in violation of the Federal and New Jersey Constitutions. As explained, a malicious prosecution claim must be asserted under the Fourth Amendment right to be free from unreasonable

---

[4] In his brief opposing the motion to dismiss, Plaintiff states that a pertinent fact was omitted from the Complaint: Plaintiff was required to pay $30 in court costs upon dismissal of the charges. Plaintiff further asserts that, "[t]he issue for the court is to determine if the payment of $30 in court costs satisfies the seizure requirement." (Pl.'s Br. in Opp'n to the Mot. to Dismiss at 6.) Upon a 12(b)(6) motion to dismiss, the Court may consider only allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). If Plaintiff wishes to amend his Complaint to assert facts not considered in this opinion, he may do so. However, the Court doubts that imposition of a $30 fee alone creates a deprivation of a federal constitutional right.

seizure not the more general right to substantive due process. Albright, 510 U.S. at 271. However, in response to Defendants' motion to dismiss, Plaintiff attempts to justify reference to substantive due process by invoking an entirely different claim. Plaintiff argues that his due process claim survives on the grounds that Wildwood's Local Ordinance 3-1 is unconstitutionally vague.

The Court does not read the Complaint as asserting a vagueness claim. Once again the Court reminds Plaintiff that upon a 12(b)(6) motion to dismiss, the Court may consider only allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint. See Chester County Intermediate Unit v. Pa. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990). Parties may not simply assert additional claims for the court's consideration in briefs submitted in support of or in opposition to that motion. If Plaintiff wishes to amend his Complaint to assert facts or claims not considered in this opinion, he may do so. See Phillips v. County of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008) (providing that plaintiffs whose claims are subject to a Rule 12(b)(6) dismissal should be given an opportunity to amend their complaints unless amendment would be inequitable or futile). However, the Court doubts that in light of its determination that the local ordinance is preempted, the plaintiff could successfully bring a vagueness doctrine claim.

**D. Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment prohibits a state from "denying to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. The Equal Protection Clause does not command that all persons be treated the same; rather, "it [directs] that all persons similarly situated she be treated

alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Therefore, Plaintiff must demonstrate that he received different treatment from that received by other individuals similarly situated.

In furtherance of his equal protection claim, Plaintiff alleges, "[s]imply stated people in Wildwood are subject to a different standard than the rest of the state as Wildwood continues to enforce its preempted ordinance." (Pl.'s Br. In Opp'n to Mot. to Dismiss at 14.) Rainas does not claim that Defendants declined to issue summonses to similarly situated residents of Wildwood whose behavior could be considered disorderly conduct. Rather, Rainas is arguing that Defendants treat all of their citizens alike by unfairly enforcing a municipal ordinance preempted by state law.[5] This allegation does not establish an equal protection clause claim.

## IV. CONCLUSION

For the reasons herein discussed,

**IT IS ORDERED** on this 5th day of January, 2010:

Defendants motion to dismiss [Doc. No. 6] is GRANTED.

Plaintiff is GRANTED LEAVE within 30 days of the date of this Order, to file a Motion to Amend the Complaint. The motion shall have attached to it the proposed Amended Complaint in its entirety. If no such motion is filed within the time allotted, the Court will direct the Clerk of Court to terminate this case.

---

[5] Plaintiff provided no support for this argument

13

Dated: January 5, 2010

/s/ Joseph H. Rodriguez

HON. JOSEPH H. RODRIGUEZ,
United States District Judge